# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-21357-CIV-ALTMAN

**JAMARRIA-AJANAE WAYNE**,

 *Petitioner*,

v.

**STATE OF FLORIDA**,

 *Respondent*.

_____/

## ORDER

 Jamarria-Ajanae Wayne has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her pretrial detention in an ongoing state-court criminal case. *See* Petition [ECF No. 1] at 1-2. In her Petition, Wayne advances four grounds for relief: (1) violation of due process because she "was never notified when to come to court," *id.* at 6–7; (2) denial of speedy trial because "[t]he court continues to delay proceedings under the alleged cause for an evaluation," *id.* at 7; (3) "the conditions of [Wayne's] imprisonment is taking its toll as there is constant harassment from certain guards," *ibid.*; and (4) the state court lacks personal jurisdiction over Wayne because "[t]he court has no findings of minimum contact," *id.* at 8. But, because Wayne is asking us to interfere with an ongoing state criminal case, we **DISMISS** the Petition without prejudice under the doctrine the Supreme Court laid out in *Younger v. Harris*, 401 U.S. 37 (1971).

## THE LAW

 The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C § 2241(c)(3)). "Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies

to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (cleaned up). A district court may not grant a § 2241 petition unless the petitioner has first exhausted all available administrative remedies. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) ("[We] hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."), *overruled on other grounds by Santiago-Lugo v. Warden*, 785 F.3d 467, 471–72 (11th Cir. 2015).

Even when a federal court *can* exercise subject-matter jurisdiction over a pre-trial habeas petition, principles of equity, comity, and federalism counsel us to abstain from hearing the case in deference to the ongoing state-court proceedings. *See Younger*, 401 U.S. at 43–44 ("[A] basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

*Younger* requires that federal courts "abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal litigation is in an embryonic stage and no contested matter has been decided." *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (cleaned up). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004). These exceptions apply *only* where "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable

injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 53–54).

## ANALYSIS

As an initial matter, we note that Wayne is suing the wrong party. The State of Florida is not the proper respondent in this case because, in a habeas proceeding, "the case or controversy is between the person in custody and his custodian." *Wacker v. Bisson*, 348 F.2d 602, 605 (5th Cir. 1965);[1] *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"). The proper respondent, then, would be Wayne's custodian—the Warden at the Miami-Dade County Turner Guilford Knight Correctional Center. *See Brown v. United States*, 2023 WL 2045583, at *2 n.1 (S.D. Fla. Feb. 16, 2023) (Altman, J.) ("'[T]he default rule is that the proper respondent [in a § 2241 action] is the warden of the facility where the prisoner is being held or whichever official is the petitioner's legal custodian insofar as the petitioner's sentences are concerned." (cleaned up)).

The *Younger* doctrine applies here because Wayne is in state custody pursuant to a pending state-court criminal proceeding that began long before this federal action was filed. *See Hughes*, 377 F.3d at 1262 ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief."). And Wayne has satisfied none of the three exceptions to the *Younger* doctrine.

For starters, her Petition doesn't allege that the prosecution has been brought in bad faith or that she's facing an irreparable injury.[2] *See generally* Petition. Instead, Wayne seems to be alleging that,

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] "[P]retrial detention based on a judicial determination of probable cause, without more, does not amount to irreparable injury." *Harris v. Gee*, 2012 WL 3156589, at *1 (M.D. Fla. Aug. 3, 2012) (Moody,

3

because the state court hasn't ruled on her *pro-se* motions, the state courts are an inadequate forum for her constitutional claims. *See id.* at 2, 6 (asserting that there has been "no ruling" on two pending motions: one for pretrial release and a second for a writ of *quo warranto*). But the mere fact that the state court hasn't *granted* Wayne relief doesn't mean that she's *barred* from requesting that relief. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) ("[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]"); *see also, e.g.*, *Destin v. Brooks*, 2023 WL 2240453, at *3 (S.D. Fla. Feb. 27, 2023) (Ruiz, J.) ("Thus, abstention under *Younger* is clearly appropriate, not only because the state criminal proceedings are still ongoing, but also because Plaintiff [could] raise any constitutional challenges incident to his prosecution in state court.").[3] Wayne, in other words, *can* challenge the appropriateness

---

J.); *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Although the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' . . . the Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is 'flagrantly and patently violative of express constitutional prohibitions,' or where there exist other 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.'" (cleaned up) (quoting *Younger*, 401 U.S. at 53–54)).

[3]   One more thing. Rule 201 allows us to take judicial notice of state-court records because, generally, those records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting FED. R. EVID. 201(b)). Consistent with this authority, we've taken judicial notice of Wayne's state-court criminal docket in Case No. F22-017617. "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Ibid.* "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [the] district court." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). We'll therefore allow this Order to serve as notice of our intent to take judicial notice of the state-court docket and direct the Clerk to attach a copy of the state-court docket to this Order. If Wayne objects to our decision to take judicial notice of the state-court docket, she may note that objection in a motion for reconsideration. Any such motion must be filed **within 28 days** of this Order and **may be no more than ten pages in length**. If the motion for reconsideration is late or exceeds **ten pages**, it will be stricken for non-compliance.

of her bond, the state court's jurisdiction, the effectiveness of her lawyer, or any other constitutional infirmity by *either* filing a proper motion in the state trial court or filing an appeal (or a petition for writ of habeas corpus) in a state appellate court. *See Pompey*, 95 F.3d at 1551 ("[I]n this case, plaintiff had state remedies available. The plaintiffs could have raised their claims [before the trial court]. If unsuccessful, they could have appealed the adverse holdings to the Florida District Court of Appeal[ ], to the Florida Supreme Court, and, ultimately, to the United States Supreme Court."); *cf., e.g.*, FLA. R. CRIM. P. 3.190(b) (permitting a defendant to file a "motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense"); *Hodges v. State*, 327 So. 3d 923, 924 (Fla. 3d DCA 2021) ("A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention."). Because Wayne can bring each of the Petition's claims in state court, there is an "adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6.

## CERTIFICATE OF APPEALABILITY

Because Wayne has been detained in a state-court proceeding, we must also consider whether she's entitled to a Certificate of Appealability ("COA"). *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."). To deserve a COA, a petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

In any event, our review of the docket in Wayne's state case reveals that Wayne is represented there by counsel. And, if that's true—if Wayne filed her *pro se* motions while represented by an attorney—the state court would have been fully justified in striking or disregarding those unauthorized filings. *See Lewis v. State*, 766 So. 2d 288, 289 (Fla. 4th DCA 2000) ("Thus, it is true that, generally, pleadings filed by a criminal defendant who is represented by counsel are treated as a nullity."). Wayne cannot use the state court's refusal to rule on her procedurally improper motions as evidence of a lack of access.

or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because reasonable jurists wouldn't debate our decision to abstain under *Younger*, we **DENY** any request for a COA.

## CONCLUSION

Because Wayne is asking us to interfere with an ongoing state-court criminal case, we must abstain from exercising our jurisdiction over the case unless she can meet one of the three *Younger* exceptions. Wayne doesn't even suggest that she can satisfy two of these exceptions ("bad faith" or "irreparable injury"). And the "adequate state forum" exception doesn't save her because the state court is an adequate forum for her constitutional claims. Since none of *Younger*'s exceptions apply, we **ORDER AND ADJUDGE** that Wayne's Petition [ECF No. 1] is **DISMISSED without prejudice**.[4] All pending motions are **DENIED as moot**. A COA shall **NOT ISSUE**. The Clerk is **DIRECTED** to attach to this Order a copy of the Petitioner's state-court docket in Case No. F22-017617 from the Eleventh Judicial Circuit. The Clerk shall **CLOSE** this case.

---

[4] Ground Three of Wayne's Petition could (arguably) be construed as a complaint about the conditions of her pretrial detention—rather than as a collateral attack on an ongoing state-court prosecution. *See* Petition at 7 ("The conditions of imprisonment is taking its toll as there is constant harassment from certain guards."). But claims that "challeng[e] the conditions of confinement fall outside of habeas corpus law" and should be brought in a civil-rights lawsuit under 42 U.S.C. § 1983. *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (citing *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)). We therefore **DISMISS** Ground Three *both* under *Younger* and because it isn't cognizable in a habeas petition.

**DONE AND ORDERED** in the Southern District of Florida, on May 8, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Jamarria-Ajanae Wayne, *pro se*